IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROHAN WALI, and SONAJA TAMBEKAR,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, and LOREN K. MILLER, in their official capacity as Director of the Nebraska Service Center;<br><br>Defendants. | 4:21-CV-3288<br><br>**ORDER** |

Plaintiffs have filed a Motion for Temporary Restraining Order seeking an order "preserving [the Court's] jurisdiction over the matter" by November 1, 2021. Filing 3 at 2. Because Plaintiffs have failed to explain why the requested relief should be granted in an ex parte manner, the Court orders them to provide notice to Defendants. The Court also invites briefing on the question of its subject-matter jurisdiction over this case.

Federal Rule of Civil Procedure 65 governs requests for injunctive relief. Relating to temporary restraining orders, Rule 65(b) provides in relevant part:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Here, Plaintiffs filed their Motion for Temporary Restraining Order the same day they filed their Complaint, October 19, 2021. *Compare* Filing 1, *with* Filing 3. After filing their request for temporary restraining order, Plaintiffs requested issuance of summons on Defendants. Filing 4. As of the time of the filing of this Order, Plaintiffs have not yet served Defendants. Thus, it is apparent Plaintiffs' request for temporary restraining order seeks such relief ex parte.

However, Plaintiffs have failed to comply with Rule 65(b)(1)(B) which requires their attorney to "certify[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Nowhere in Plaintiffs' pleadings, and specifically nowhere in their Motion for Temporary Restraining Order and accompanying memorandum brief, do they certify in writing whether they have attempted to give notice to Defendants nor do they explain why such notice should not be required. The language of Rule 65(b)(1)(B) is mandatory. *See* Fed. R. Civ. P. 65(b) (stating a court may issue a temporary restraining order "only if," inter alia, the notice provision is met). Thus, the Court orders Plaintiffs to immediately serve Defendants and provide them notice of the pending Motion for Temporary Restraining Order and a copy of this Order.

The Court is further concerned that it may lack subject-matter jurisdiction over this case. Therefore, Plaintiffs are ordered to provide written argument on the Court's subject-matter jurisdiction by noon on October 25, 2021. Because the Court has already ordered that Defendants be immediately served, Defendants are ordered to provide responsive briefing on the question of the Court's subject-matter jurisdiction by the end of the day on October 27, 2021. Accordingly,

IT IS ORDERED:

1. Plaintiffs are ordered to serve Defendants immediately and provide Defendants with notice of the Motion for Temporary Restraining Order and a copy of this Order;

2. Plaintiffs are ordered to provide written argument on the Court's subject-matter jurisdiction by noon on October 25, 2021; and

3. Defendants are ordered to provide responsive briefing on the question of the Court's subject-matter jurisdiction by the end of the day on October 27, 2021.

Dated this 21st day of October, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge